PONDER, Judge.
Donald Ray Grant was charged with two counts of aggravated rape, violations of La. R.S. 14:42, and two counts of simple kidnapping, violations of La.R.S. 14:45. As a result of a plea bargain, one count of aggravated rape was reduced to forcible rape, a violation of La.R.S. 14:42.1. The other charge of aggravated rape and the two charges of simple kidnap were nolle prose-qui’d. Upon recommendation of the district attorney, accepted by the court, the defendant was sentenced to the Department of Corrections for a term of fifteen years with credit for time served, but with ten years of the sentence to be without benefit of probation, parole or suspension of sentence.
The plea bargain was made subject to the right of appeal on that part of the sentence made not subject to benefit or probation, parole or suspension of sentence, it being the defendant’s contention that no more and no less than two years could be so designated as not subject to probation, parole or suspension of sentence because of unconstitutional vagueness and ambiguity in the penal section of the statute.
The pertinent portion of La. 14:42.1 reads as follows:
“Whoever commits the crime of forcible rape shall be imprisoned at hard labor for *1253 not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.”
Defendant construes this to mean that the court can designate no more than two years before the specified leniency can be allowed. Such an interpretation can result only by ignoring the words “at least.” This, we believe, would be contrary to both the letter and spirit of that portion of La. R.S. 14:3 that requires that the provisions of criminal statutes “be given a genuine construction, according to the fair import of their words taken in their usual sense in connection with the context, and with reference to the purpose of the provision.”
We are fortified in our conclusion by the fact that the Supreme Court has approved periods in excess of two years. See State v. Murdock, 416 So.2d 103 (La.1982) and State v. Lewis, 412 So.2d 1353 (La.1982).
The sentence is affirmed.
AFFIRMED.