446 So.2d 1308 (1984)
STATE of Louisiana, Plaintiff-Appellant,
v.
Donald HENRY, Defendant-Appellee.
No. 15888-KA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
*1309 John S. Stephens, Coushatta, for appellee.
William R. Jones, Dist. Atty., Coushatta, for appellant.
Before HALL, MARVIN and NORRIS, JJ.
NORRIS, Judge.
The State of Louisiana appeals a ruling which granted defendant's motion for a change of venue.[1] For the reasons hereinafter stated, we vacate the ruling and remand with instructions for further proceedings consistent with this opinion.

CONTEXT FACTS
Donald Henry was initially arrested on February 9, 1983 in Red River Parish, Louisiana, and charged with possession of marijuana with intent to distribute in violation of La.R.S. 40:966(A). Thereafter, a preliminary examination was heard on May 12, 1983. On or about that same date, the defendant was arrested on two other drug related charges by the Louisiana State Police. After hearing the preliminary examination, the trial court found probable cause to hold the defendant over for trial. During the preliminary examination, without objection from either the state or the defense, a reporter and cameraman from Channel 3, a television station located in Shreveport, Louisiana, were allowed to film portions of the preliminary examination. Portions of the tapes obtained during the filming were shown on the 6:00 and 10:00 p.m. news programs on that date. It was stipulated at the hearing on the motion for the change of venue that the coverage of Channel 3 includes all of Red River Parish. The only other instances of media publicity concerning the defendant were two articles which appeared in the "Coushatta Citizen", the local weekly paper, on February 17, 1983, and May 19, 1983, respectively, and reported the arrests of the defendant.
At the hearing on the motion, the defendant called eleven witnesses. Each of these witnesses testified that there had been widespread discussion of the defendant and his charges within the area and that a large proportion of those persons with whom the subject of the defendant had been discussed had fixed opinions as to the guilt of the defendant. It was the opinion of these witnesses that the defendant could not obtain a fair trial in Red River Parish. Of these witnesses, nine knew the defendant, some of whom were or had been his friends and two did not know the defendant but had heard of him. Three of these witnesses had a fixed opinion that the defendant was guilty; three believed him to be innocent; and five, while having an opinion, believed that they could be fair and impartial jurors.
The state called eight witnesses, seven of whom did not know the defendant and one of whom knew the defendant from a business transaction which occurred some eight or ten years previously. Each of these witnesses testified that he or she could be fair and impartial jurors, even though some had limited knowledge about the defendant's case.

TRIAL COURT'S RULING
After hearing all of the evidence, the trial court viewed the videotapes and in written reasons stated:

*1310 * * * The Court has closely viewed the testimony of the various witnesses and has viewed the television broadcasts and newspaper articles introduced herein. There was testimony on behalf of many witnesses that there exists certain prejudice towards the defendant, such that the witnesses had already formed an opinion towards the guilt of the defendant. Others testified that they knew nothing about the case. With regard to those who had formed an opinion, it appears some were hard and fast with their opinion and some more flexible.
In viewing the television broadcast, it appeared that some individual or individuals were concerned that the prosecution of the case was somewhat unusual and implied that the defendant was being given special consideration.
Before this Court ever had an opportunity to review the evidence adduced, a phone call was received by a relative of this judge from a person who identified herself as one of the witnesses at the hearing of this motion and urged that the motion to change venue be denied. The next morning, and even before this judge could review the jurisprudence and render a ruling, and before consulting any other judge of any other district, it was revealed that at least one individual believed a decision had already been made to transfer this matter, and that all arrangements had already been made, in favor of the defendant. This type of frivolous, untrue pronouncements only jeopardize the criminal justice system and retard the progress of a criminal prosecution, further increase the costs, and do not serve the ends of justice.
It is with this background that the Court finds itself. This Court must take into consideration the interests of the state in the prosecution of this case, along with the view that the people of the parish are entitled to be free from false rumors and misguided accusations surrounding such a case of this magnitude. This Court will not allow the frivolous and unfounded statements of a few [to] cost (sic) an undue reflection on the integrity of our criminal justice system. It is this consideration that the Court can not disregard, even though not technically a part of the evidence, that tips the scales in favor of a transfer of the case to another jurisdiction. It is the desire of this Court that every prosecution be viewed as an unbiased, fair and impartial quest for the truth. Transfer of this case can only serve the intesest (sic) of justice. [Bracketed material added.]

ASSIGNMENTS OF ERROR
The state contends that the trial court erred:
(1) by not dismissing the motion for a change of venue since the motion was not filed in accordance with Code of Criminal Procedure Article 521;
(2) in granting the motion for change of venue and moving the prosecution to the 8th Judicial District Court, Winn Parish, Louisiana; and
(3) in concluding that there was such prejudice in the public mind that the defendant could not receive a fair and impartial trial in Red River Parish.

ASSIGNMENT OF ERROR NO. 1
In connection with this assignment of error, the state argues that the motion for change of venue should have been dismissed because it was not timely filed.
La.C.Cr.P. Art. 521 which deals with pretrial motions in general provides:
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
The specific article which pertains to motions for change of venue is La.C.Cr.P. Art. 621 which provides:
A motion for a change of venue may be filed by either the state or the defendant. *1311 It shall be filed in accordance with Article 521; or thereafter, in the discretion of the court, any time before the first witness is sworn at the trial of the merits. The motion shall be in writing, sworn to by mover or his counsel, and shall contain:
(1) Allegations of fact upon which the motion is based; and
(2) A statement that the motion is not made for the purpose of delay, but to obtain a fair and impartial trial.
A contradictory hearing shall be held upon the motion.
Construing these two articles together, we conclude that a motion for change of venue may be filed of right within the time frame provided by La.C.Cr.P. Art. 521 and thereafter under the pertinent provisions of La.C.Cr.P. Art. 621 may be allowed filed by the trial court in the exercise of its discretion at any time prior to the swearing of the first witness at trial. This motion was filed prior to the swearing of the first witness at trial. As in all other matters which are addressed to the trial court's discretion, the exercise of that discretion will not be disturbed on appeal absent a finding of an abuse of that discretion. The record does not support such a finding in this instance.
Accordingly, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
The state next argues that the trial court was in error in granting the change of venue.
The grounds for a change of venue are provided in La.C.Cr.P. Art. 622:
A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.
A number of factors must be considered in determining whether or not a change of venue is appropriate. As stated in State v. Bell, 315 So.2d 307 (La.1975):
Some relevant factors' in determining whether to change venue are (1) the nature of pretrial publicity and the particular degree to which it has circulated in the community, (2) the connection of government officials with the release of the publicity, (3) the length of time between the dissemination of the publicity and the trial, (4) the severity and notoriety of the offense, (5) the area from which the jury is to be drawn, (6) other events occurring in the community which either affect or reflect the attitude of the community or individual jurors toward the defendant, and (7) any factors likely to affect the candor and veracity of the prospective jurors on voir dire. See, generally, Annotation 33 A.L.R.3d 17 (1970). [Footnote omitted.]
Other factors relevant to this inquiry include the degree to which the publicity has circulated in areas to which venue could be changed, the care exercised and the ease encountered in the selection of the jury, the familiarity with the publicity complained of and the resultant effect (if any) upon the prospective jurors, and the peremptory challenges and challenges for cause exercised by the defendant in jury selection. State v. Berry, 329 So.2d 728 (La.1976). See also, Annotation 33 A.L.R.3d 17 (1970).
The burden is upon the defendant to establish that he cannot obtain a fair trial in the parish where the prosecution is pending. State v. de la Beckwith, 344 So.2d 360 (La.1977). This burden requires a showing of more than mere knowledge by the public of the facts surrounding the offense. State v. Sheppard, 350 So.2d 615 (La.1977). The defendant is entitled to a change of venue if he can show, even though it would be possible to select a jury *1312 whose members were not subject to a challenge for cause, that there were influences in the community which would affect the answers of jurors on the voir dire, or the testimony of the witnesses at trial, or that, for any other reason, a fair and impartial trial could not be obtained in the parish. State v. Bell, supra. More simply stated, defendant's burden is to show that there exists such prejudice in the collective mind of the community that a fair trial is impossible. State v. Vaccaro, 411 So.2d 415 (La.1982).
Although a trial judge possesses a broad range of discretion in this area, the reviewing court is required to make an independent evaluation of the circumstances to determine whether the defendant can receive a fair trial in the parish, unfettered by outside influences. State v. Rodrigue, 409 So.2d 556 (La.1982). Our independent review of the record reveals a divergence of opinion among the witnesses as to whether or not each individually could render a fair and impartial verdict. While the witnesses called on behalf of the defendant stated that it was their opinion that the defendant could not obtain a fair trial in Red River Parish, five of the eleven thought that they could render a fair and impartial verdict after hearing the evidence. All of the witnesses called on behalf of the state were of the opinion that the defendant could obtain a fair trial.
The entirety of the media publicity complained of occurred in or prior to May, 1983. Trial in this case cannot be held until at least some point after January, 1984. The newspaper articles are simply a factual account of the defendant's arrests and in and of themselves do not warrant a change of venue. State v. Giovanni, 409 So.2d 593 (La.1982). The television broadcasts are somewhat more troublesome; however, absent proof of a widespread viewing and/or influence caused within the parish, these two isolated showings are not of such an aggravated nature as to warrant a change of venue. Furthermore, not only has there been no proof that the state conspired or participated in the dissemination of this particular publicity but the television cameras were allowed in the courtroom during the preliminary examination without objection from the defendant.
Additionally, there are no facts borne out by the record indicating that this is a particularly severe and notorious offense. While we do not dispute the seriousness of the crime charged, there is no proof that the crime itself is of such an extraordinary nature as to render that factor alone controlling of a decision to change the venue.
The crux of the evidence adduced in support of defendant's motion is that a number of his friends and acquaintances have heard widespread discussion in an area of the parish in which the defendant resides and operates a business and have arrived at the conclusion that the defendant cannot obtain a fair trial in Red River Parish. However, it is significant that when questioned closely on cross examination about the details of the crimes with which the defendant has been charged that none of the witnesses was aware of any facts regarding the cases other than that marijuana or drugs were involved.
Applying these facts to the principles enunciated in the jurisprudence concerning such motions, we conclude that the trial judge abused his discretion in ordering a change of venue. We are particularly compelled to arrive at this conclusion when we consider carefully the written reasons for the ruling of the trial court. There was a limited amount of evidence presented on behalf of the defendant at the hearing. Our interpretation of the trial court's reasons leads us to find that the evidence presented at the hearing did not form the basis for its ultimate decision to grant the motion. It is obvious that the trial court was ultimately swayed by two rather vaguely explained incidents that occurred outside of the record subsequent to the hearing and which seemed to concern the propriety of the court's action rather than any grounds which have been set forth as a basis for a change of venue under the Code of Criminal Procedure or the jurisprudence. First of all, because these considerations *1313 are outside of the record, they cannot form the basis for a change of venue because they are not based on evidence presented at the hearing or at any other stage of the proceedings. See State v. Williams, 397 So.2d 1287 (La.1981). Furthermore, it appears that the overriding consideration in the trial court's mind was the protection of the public from false and misguided representations and the protection of the integrity of the judicial system. While these are commendable considerations on the part of a judge in the conduct of his judicial function, they are not the controlling considerations in a determination of whether a defendant is entitled to a change of venue. The controlling consideration properly is whether prejudice, influence or other factors are such that they will affect the answers of the jury on voir dire and the testimony of the witnesses in such a manner that the defendant is unable to obtain a fair and impartial trial. In reality, we are of the opinion that should a trial court allow what are described as two "frivolous and unfounded statements" occurring outside of the record to mandate a change of venue the resulting effect of such a ruling would be to in fact allow such isolated statements to "cast an undue reflection on the integrity of the judicial system" rather than to protect the integrity of the judicial system from such irresponsible actions.
Nevertheless, we are cognizant of the fact that the defendant's fundamental constitutional guarantee of an impartial jury and a fair trial should be staunchly protected. Accordingly, in the event that we have misjudged the situation in our review of the limited facts available to us in this record or in the event of further publicity or occurrences which result in adverse publicity to the defendant prior to trial, we simply vacate the ruling of the trial court and remand with instructions to the trial court to defer ruling thereon until after the voir dire of prospective jurors in case difficulty is encountered in obtaining an unbiased jury. See State v. Goodson, 412 So.2d 1077 (La.1982); State v. Rodrigue, supra. The voir dire of the prospective jurors should be conducted in accord with the standard proposed by the American Bar Association's Standards Relating to Fair Trial and Free Press § 8-3.5 (1980) and the procedures set forth in State v. Goodson, supra.
RULING VACATED; CASE REMANDED WITH INSTRUCTIONS.
NOTES
[1] The authority for such an appeal is found in La.C.Cr.P. Arts. 627 and 912(B)(5) which provide respectively:

If a change of venue is granted to the defendant over the objection of the state, or if the court denies an application by the state for a change of venue, the state shall have the right to appeal from the ruling, within the legal delays for making a motion for an appeal, before a trial on the merits. Prior to sentence the defendant may not appeal from a ruling changing or refusing to change the venue.
B. The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the state may appeal include, but are not limited to, judgments or rulings on:
(5) A motion to change the venue