FRED W. JONES, Jr., Judge.
The defendant Bates was indicted for aggravated rape. A jury found defendant guilty of forcible rape. (La.R.S. 14:42.1). A presentenee investigation was ordered and reviewed. Defendant was subsequently sentenced to serve 30 years at hard labor, five years to be served without benefit of probation, parole or suspension of sentence.
Defendant appealed, reserving 29 assignments of error. Seven assignments were abandoned. The remaining assignments of error can be consolidated into seven issues on appeal:
(1) Whether the trial court erred in not ordering a mistrial or quashing the general venire because of pretrial contact between the prosecution and prospective jurors.
(2) Whether the trial court erred in not ordering the state to produce the whole, as opposed to an excised copy of a deputy’s report, crime lab results and reports, a chart used by a state’s witness while testifying, and certain inculpatory statements made by defendant.
(3) Whether the trial court erred in admitting into evidence defendant’s confession, and the deputy’s notes interpreting defendant’s statements contained in the confession.
(4) Whether the trial court erred in denying defendant’s oral motion to suppress all evidence obtained by the prosecution from a post-arrest, pre-indictment lineup.
(5) Whether the trial court erred in not ordering sequestered voir dire, and al *952 lowing a prospective juror to claim a personal exemption.
(6) Whether the trial court erred in giving a certain jury charge.
(7) Whether the trial court erred in imposing a five year “without benefit” sentence based upon the advanced age of the victim, and in imposing an excessive sentence.
Finding defendant’s assignments of error to be without merit, we affirm his conviction and sentence.

Factual Context

On July 10, 1984, the 85-year-old victim, a resident of Joyce, Louisiana, was home alone and asleep when she was awakened by a knock at her door. She retrieved a pistol and went to the door. The man at the door, later identified as defendant, asked for the victim’s stepdaughter. The victim informed defendant how to find her stepdaughter.
Defendant then left and went to his car but did not leave the driveway. He subsequently returned to the door and asked to be admitted. After the victim’s negative response, defendant attempted to break in. The victim used her pistol to force him to desist.
Defendant then feigned collapse and asked for water. The victim brought defendant a glass of water and he drank it. When he returned the glass, defendant grabbed the victim by the arm. Defendant forced his way into the residence, beat the victim, and forced her to engage in sexual intercourse.
Suspicion was focused upon defendant because of his acquaintance with the victim’s stepdaughter. When defendant was subsequently arrested for other offenses, he was interrogated by officers of the Winn Parish Sheriff’s Department and admitted having had sexual intercourse with the victim.
Further investigation revealed defendant was among the small percentage of men who could have left the seminal fluid obtained from the victim’s vagina, her clothing, and the bedding. A comparison of hair obtained from the scene of the rape and defendant’s hair showed the same general characteristics. In addition, the victim identified defendant as her assailant in a line-up and during trial.

Jury Venire

Defendant contends the trial court erred in not ordering a mistrial or quashing the general venire because of prejudice that resulted from being denied access to information the state obtained from prospective jurors by a mailed questionnaire. Defendant also complains about the inclusion of a telephone number which the prospective jurors could call for additional information. Defendant argues the procedure was unfair and resulted in a deprivation of due process.
A judgment or ruling shall not be reversed by an appellate court because of error, defect, irregularity, or variance which does not affect substantial rights of the accused. La.C.Cr.P. Article 921. A general venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant. La.C.Cr.P. Article 419.
The questionnaire was used as a time-saving device. It requested basic biographical data and limited information about the prospective juror’s prior contact with the court system. The information requested was within the scope of voir dire examination.
The telephone number reached a recording device that advised the caller whether the jury session was still on the calendar (jury terms are occasionally unnecessary because guilty pleas are entered or continuances are granted). The prospective jurors could not leave messages, and the machine did not count incoming calls. This system reduced, instead of enhanced, any chance for personal contact between personnel in the prosecutor’s office and the prospective jurors.
After the juror contact was revealed, no inquiry on voir dire examination of any prospective juror dealt with the allegedly *953 improper contact. No examination was conducted to determine if the services provided by the District Attorney’s office had any actual prejudicial effect. No potential juror ever indicated that the request for information, or the providing of scheduling information, caused bias in favor of the state. In addition, defense counsel was provided copies of the questionnaires and was allowed to hear the taped message.
While juror questionnaires and scheduling information are best handled and provided under judicial auspices, no prejudice to defendant has been shown. This argument lacks merit.

Discovery

Defendant contends the trial court erred in not ordering the state to produce the whole, as opposed to an excised copy, of a deputy’s report, crime lab results and reports, a chart used by a state’s witness while testifying, and certain inculpatory statements made by defendant.
The state’s response to defendant’s discovery request contained a typed copy of the questions asked by the deputy and the answers given by defendant, and the deputy’s original notes containing the questions and answers. The state also included the transcribed portion of the deputy’s report containing his descriptive narrative of the question and answer session. The trial court compared the excised portion of the deputy’s report with the original and found that the furnished portion contained every statement made by defendant and fully met the discovery request.
The state furnished not only the substance of any oral statements made by defendant, but the exact questions asked, the answers given, and the deputy’s written notes of the exchange.
La.C.Cr.P. Article 719 authorizes discovery only of results or reports of scientific tests that are intended for use at trial. Defendant was furnished the crime lab reports containing results of the scientific tests administered. During trial, defendant was even given copies of the analytical methods used by the state’s expert.
The witness drew the chart in open court. The figures used were computed by the expert at that time, and had not been withheld from defense counsel. Defense counsel was provided a copy of the chart while the witness was testifying.
The inculpatory statements were furnished by the state at the discovery hearing and during the trial on the motion to suppress.
These assignments of error lack merit.

Confession

Defendant contends the trial court erred in ruling his confession was given freely and voluntarily. Defendant also argues the trial court erred in allowing his confession into evidence because it was inadmissible hearsay and a proper foundation was not established. In addition, defendant asserts the trial court erred in allowing the deputy’s notes into evidence as interpretations of defendant's statements contained in the confession.
Before what purports to be a confession can be introduced into evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La.R.S. 15:451. A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La.R.S. 15:453.
The testimony of the police officers involved in this case indicated defendant was repeatedly advised of his rights, knew his rights, and he repeated and understood his rights. Defendant knew what he was doing. Defendant walked, talked, and responded to questions and directions. He was not threatened or intimidated in any manner. Defendant had been drinking but was not under the influence to a degree that he did not know what he was doing.
Intoxication will render an incul-patory statement inadmissible only where the intoxication is of such a degree that the defendant’s ability to comprehend the consequences of his statement has been negat *954 ed. State v. Mitchell, 437 So.2d 264 (La.1983); State v. Foster, 437 So.2d 309 (La.App. 2d Cir.1983). A trial judge’s conclusion of admissibility and his conclusions as to the credibility of witnesses testifying as to voluntariness will not be disturbed unless unsupported by the evidence. State v. Scott, 355 So.2d 231 (La.1977).
The deputy’s report is not hearsay because it was completed by the officer himself and he was available to testify.
These assignments are without merit. Line-up
Defendant contends the trial court erred in denying his oral motion to suppress all evidence obtained by the prosecution from a post-arrest, pre-indictment line-up conducted on July 26, 1984 because the line-up was conducted without counsel present.
Counsel is not required at a pre-in-dictment line-up. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); State v. Clark, 437 So.2d 879 (La.App.2d Cir.1983). This assignment of error lacks merit.

Voir Dire

Defendant contends the trial court erred in not ordering sequestered voir dire on what particular jurors had heard or read about the case.
In the jury selection process, the decision to sequester individual jurors during voir dire is within the discretion of the trial court. State v. Ester, 490 So.2d 579 (La.App. 2d Cir.1986). It is the defendant’s burden to show that the trial court abused its discretion in refusing to sequester the venire during voir dire. State v. Wilson, 467 So.2d 503 (La.1985).
On several occasions the trial court allowed individual voir dire. It has not been shown that the trial judge abused his discretion in refusing to sequester certain prospective jurors at other times. This assignment of error lacks merit.
Defendant also contends the state “prodded” a prospective juror into claiming a personal exemption (minister of the gospel).
Before voir dire, the trial judge read the personal exemptions from jury service to the prospective jurors. Judia C. Hobdy, one of the prospective jurors, insisted that, due to her religious beliefs, she could not be fair to the state. Mrs. Hobdy was a licensed evangelist with the Church of God in Christ, and she regularly and actively pursued that profession. When asked whether she wanted to claim the exemption, Mrs. Hobdy responded, “Yes”. This assignment of error is without merit.

Jury Instructions

Defendant contends the trial court erred in giving a first alternative charge instead of a preferred charge.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given. La.C.Cr.P. Article 807.
Both the preferred and alternative charge dealt with the difference between aggravated and forcible rape. The preferred charge was thus included in the alternative charge. This assignment of error lacks merit.

Sentence

Defendant contends the trial court erred in imposing the five year “without benefit” sentence based on the advanced age of the victim, and in imposing an excessive sentence.
The trial court sentenced defendant to:
Thirty (30) years at hard labor with the Louisiana Department of Corrections. Because of the age of the victim, five (5) years of that sentence are to be served without benefit of probation, parole, or suspension of sentence.
La.R.S. 14:42.1 states:
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of *955 probation, parole, or suspension of sentence.
The sentence imposed is well within the statutory range. See State v. Murdock, 416 So.2d 103 (La.1982); State v. Lewis, 412 So.2d 1353 (La.1982); State v. Grant, 434 So.2d 1252 (La.App. 1st Cir.1983). The trial judge’s statement concerning the age of the victim was entirely proper and militated in favor of imposing the harsher sentence. This assignment of error lacks merit.

Decree

For the foregoing reasons, we affirm defendant’s conviction and sentence.