FRED W. JONES, Jr., Judge.
The defendant Bates was charged with aggravated rape and, after a jury trial, was found guilty of forcible rape. (La.R.S. 14:42.1) He was sentenced to serve 30 years in prison, 5 years of which was to be served without benefit of parole. On appeal, we affirmed the conviction and sentence. State v. Bates, 501 So.2d 950 (La.App. 2d Cir.1987). The state supreme court reversed the conviction and remanded for re-trial on the ground that the district *428 attorney had improper pre-trial contact with prospective jurors. State v. Bates, 508 So.2d 1346 (La.1987).
The defendant was re-tried on the charge of forcible rape, found guilty by a jury, and again sentenced to serve 30 years in prison, 5 years of which was to be without benefit of parole. The defendant again appealed, reserving 29 assignments of error. These involved primarily certain pre-trial motions and objections to virtually all evidence introduced by the State. We discuss below the most significant of the assignments of error. The others are addressed in the annexed, unpublished appendix.
In our prior opinion, we described the following factual context:
“On July 10, 1984, the 85-year-old victim, a resident of Joyce, Louisiana, was home alone and asleep when she was awakened by a knock at her door. She retrieved a pistol and went to the door. The man at the door, later identified as defendant, asked for the victim’s stepdaughter.
Defendant then left and went to his car but did not leave the driveway. He subsequently returned to the door and asked to be admitted. After the victim’s negative response, defendant attempted to break in. The victim used her pistol to force him to desist.
Defendant then feigned collapse and asked for water. The victim brought defendant a glass of water and he drank it. When he returned the glass, defendant grabbed the victim by the arm. Defendant forced his way into the residence, beat the victim, and forced her to engage in sexual intercourse.
Suspicion was focused upon defendant because of his acquaintance with the victim’s stepdaughter. When defendant was subsequently arrested for other offenses, he was interrogated by officers of the Winn Parish Sheriff’s Department and admitted having had sexual intercourse with the victim.
Further investigation revealed defendant was among the small percentage of men who could have left the seminal fluid obtained from the victim’s vagina, her clothing, and the bedding. A comparison of hair obtained from the scene of the rape and defendant’s hair showed the same general characteristics. In addition, the victim identified defendant as her assailant in a line-up and during trial.”

Motion for Change of Venue

Defendant moved for a change of venue, alleging that the case had received such extensive news coverage in Winn Parish that he could not obtain a fair trial.
Defendant’s motion for change of venue was deferred until after voir dire. Thirty prospective jurors were questioned during the voir dire proceedings. Only four people out of the group of thirty said they had read anything about the case and all four of those were rejected. Several others had heard the case mentioned in conversations, but the majority had neither heard nor read anything about the case. Thirteen people were selected to serve (apparently one was to be an alternate) and only two of the thirteen had heard anything in the media.
The defense was given an opportunity to present evidence in support of its motion, but had none to present. Counsel stated that the defense wished to obtain newspaper articles from the Winnfield newspaper and also to obtain the substance of area radio coverage of the case and requested “some time” in which to do so. Before overruling the motion, the Court stated that it would give counsel until 8:30 a.m. the next day to place any such items in the record.
La.C.Cr.P. Article 622 provides:
A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.
*429 Defendant has the burden of proof in a motion for change of venue. He must show that he cannot obtain a fair trial in the parish where his case is pending due to prejudice in the collective mind of the community. State v. Wilkerson, 403 So.2d 652 (La.1981). Merely showing that the public has knowledge of facts surrounding the offense will not suffice. State v. Henry, 446 So.2d 1308 (La.App. 2d Cir.1984).
Absent an affirmative showing of error and an abuse of the trial court’s broad discretion, a denial of a motion for a change of venue should not be disturbed on appeal. State v. Wilkerson, supra.
The trial court did not err in denying this motion.

Admission of deputy’s notes into evidence

Deputy Davies of the Winn Parish Sheriffs office testified that he arrested the defendant on the morning of July 12, 1984. The deputy stated he questioned the defendant at the sheriffs office after reading his Miranda rights. Davies took notes concerning the defendant’s responses to his questions. Using his notes, Davies dictated a report later that evening. Davies’ notes, an excerpt of those notes, a portion of Davies’ transcribed report and excerpts of that report were admitted into evidence over defendant’s objection. These notes corroborated the deputy’s testimony that defendant admitted raping the victim.
As we pointed out in our prior opinion, defendant was not prejudiced by the admission of these notes, since their maker testified at the trial and was subject to cross-examination.
This assignment is without merit.

Opinion evidence as to presence of seminal fluid

Nurse Peters testified that she assisted Dr. Pullen in examination of the rape victim on the night of the crime and labeled all the samples obtained. The nurse was also permitted to state, over defendant’s objection, that the presence of male seminal fluid in the vaginal vault indicated sexual intercourse. She was not qualified ,as an expert.
Non-experts may give opinions to the extent that they are merely natural inferences drawn from personal observations. State v. Haarala, 398 So.2d 1093 (La.1981). In State v. Thompson, 364 So.2d 908 (La. 1978), the court noted it is common knowledge that the presence of seminal fluid on undergarments indicates the occurrence of a sex act.
Nurse Peters’ testimony concerning the significance of male seminal fluid in the vaginal vault was a matter of common knowledge and was admissible. Consequently, this assignment lacks merit.

Excessive sentence

Defendant received the same sentence imposed following conviction in the first trial. The following ruling we made on this assignment applies:
“The trial court sentenced defendant to:
Thirty (30) years at hard labor with the Louisiana Department of Corrections. Because of the age of the victim, five (5) years of that sentence are to be served without benefit of probation, parole, or suspension of sentence.
La.R.S. 14:42.1 states:
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
The sentence imposed is well within the statutory range. See State v. Murdock, 416 So.2d 103 (La.1982); State v. Lewis, 412 So.2d 1353 (La.1982); State v. Grant, 434 So.2d 1252 (La.App. 1st Cir. 1983). The trial judge’s statement concerning the age of the victim was entirely proper and militated in favor of imposing the harsher sentence. This assignment of error lacks merit.”

Conclusion

For the reasons set forth herein and in the annexed unpublished appendix, we AFFIRM the conviction and sentence.