CHEHARDY, Chief Judge.
On August 24, 1984, Fernando E. Serrano was charged by grand jury indictment with aggravated rape (LSA-R.S. 14:42) and attempted first degree murder (LSA-R.S. 14:27:30). At the arraignment on August 29, 1984, he entered pleas of not guilty and not guilty by reason of insanity. Following a sanity hearing on September 20,1984, the defendant was found mentally competent to stand trial and to assist counsel in his own defense.
On December 3, 1984, the rape charge was amended to forcible rape. Serrano withdrew his former pleas and tendered to the State a plea of guilty to attempted first degree murder and to the amended charge of forcible rape (LSA-R.S. 14:42.1). Pursuant to a plea arrangement, the court then sentenced the defendant to 35 years’ imprisonment at hard labor on each count, to run concurrently. The first two years of the sentence on the forcible rape charge were without benefit of parole, probation or suspension of sentence. The defendant was given credit for time served.
On November 7, 1988, the defendant filed an application for post-conviction relief, which was denied by the district court on November 18, 1988. Thereafter the defendant filed an application for a writ of review to this Court. On April 18,1989, we granted the application for the limited purpose of remanding the matter to the trial court for consideration of an out-of-time appeal and for appointment of counsel.
Following an evidentiary hearing pursuant to this Court’s order, the district court granted the defendant an out-of-time appeal and appointed the Jefferson Parish Indigent Defender Board to represent the *539 defendant. The appeal subsequently was lodged in this Court.
Because there was no trial, the following facts have been gleaned from various documents in the record:
On August 14, 1984, at approximately 6:00 a.m.,. an intruder entered a home in Harvey, Louisiana, through an unlocked rear door. The resident, an 83-year-old woman, was in bed. The intruder got on the bed and demanded money, threatening to kill the victim if she failed to comply. She went into the living room, got $789 in United States currency, and gave it to him. The intruder then beat the victim viciously in the face, apparently stabbed her several times, forced her to engage in vaginal sexual intercourse, and then fled through the rear door of the home.
When the police arrived at the scene of the incident, they obtained a description of the perpetrator from the victim and broadcast it over the radio. Within minutes, Fernando Serrano was apprehended, advised of his constitutional rights, and arrested. A search revealed that he had between $500 and $600 in his front pocket and also had a small folding knife in his rear pocket. Serrano was transported to the hospital at which the victim was being treated for her injuries. The victim recognized Serrano as a neighbor who lived on her street and she positively identified him as the perpetrator of the offenses.
Serrano later gave a statement in which he admitted being at the scene, but claimed he did not know what happened because he was intoxicated by drugs and alcohol while he was there.
On appeal the defendant contends his sentence is excessive. He also assigns as error any patent errors in the record, but specifies none.
Pursuant to the plea agreement, the defendant knew prior to entering his guilty plea what the sentences would be. Nevertheless, he argues these sentences are excessive.
In State v. Bell, 412 So.2d 1335, 1336 (La.1982), the Supreme Court ruled that “where a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by Article 894.1.” See also, State v. Thibodeaux, 548 So.2d 94 (La.App. 5 Cir.1989); State v. Alfonso, 496 So.2d 1218 (La.App. 5 Cir.1986), writ denied, 501 So.2d 206 (La. 1987).
Accordingly, we find the issue of exces-siveness of the sentence not appealable under the circumstances of this case. Even if we were to consider the merits of the assignment, however, we would not grant relief to the defendant.
The sentence for first degree murder is death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence “in accordance with the determination of the jury.” R.S. 14:30. Under the attempt statute, LSA-R.S. 14:27, the penalty for attempted first degree murder is imprisonment at hard labor for not more than 50 years. The penalty range for forcible rape is imprisonment at hard labor for not less than five nor more than 40 years, with the mandate that at least two years of the sentence be imposed without benefit of probation, parole, or suspension of sentence. R.S. 14:42.1.
Thus, the defendant was exposed to a possible 50-year prison term on the attempted murder charge and to a possible 45-year prison term on the forcible rape charge. Further, it was within the court’s discretion to make the sentences consecutive rather than concurrent. See LSA-C. Cr.P. art. 883.
Here, although the trial judge was not required to give his reasons for sentencing, he expressed some of his reasons for the sentences imposed, stating:
“Let the record reflect.that Mr. Serrano knew what the sentence would be before he entered his plea of guilty to these charges, but I’m still going to go over the guidelines of 894.1 of the Code of Criminal Procedure. The reason the Court gave this sentence was that Mr. Serrano had a prior criminal record besides the present charges. And I think *540 that if he were put on probation for this particular charge that there would be an undue risk that during the period of the suspended sentence or probation that he would commit another crime.
“Secondly, the defendant is in need of correctional treatment or a custodial environment that could be provided, most effectively, by his commitment to an institution. I think a lesser sentence would deprecate the seriousness of these crimes.”
Given the circumstances of the crimes and the sentences imposed, as well as a review of sentences for such crimes in other cases, we find the sentences are well within the acceptable range of sentences imposed on similar defendants convicted of similar offenses.
Forcible rape — see: State v. Chavis, 542 So.2d 181 (La.App. 3 Cir. 1989); State v. Bates, 536 So.2d 427 (La.App. 2 Cir.1988), writ denied, 537 So.2d 210 (La.1989); State v. Shelton, 523 So.2d 920 (La.App. 4 Cir. 1988); State v. Green, 480 So.2d 883 (La. App. 2 Cir.1985).
Attempted first degree murder — see: State v. Cotten, 438 So.2d 1156 (La.App. 1 Cir.1983), writ denied, 444 So.2d 606 (La. 1984); State v. Argo, 476 So.2d 409 (La. App. 2 Cir.1985), writ denied, 481 So.2d 1347 (La.1986); State v. Edwards, 467 So.2d 1173 (La.App. 2 Cir.1985).
As for the defendant’s second assignment of error, our examination of the record discloses no patent errors and establishes that the defendant was properly “Boykinized” as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Prior to accepting the guilty plea, the trial judge informed the defendant of his constitutional rights, including his rights to trial by jury, to confront his accusers and against self-incrimination. The judge then informed defendant that by pleading guilty he was waiving these rights. The judge also informed the defendant of the sentence that would be imposed upon acceptance of the guilty plea. Throughout the colloquy, the defendant continually indicated that he understood the consequences of his guilty plea and was pleading guilty of his own volition. The waiver-of-rights form, signed by the defendant, his attorney, and the judge, also indicates that the defendant understood his constitutional rights and understood that by pleading guilty he was voluntarily waiving those rights.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.