MARVIN, Chief Judge.
Finding the trial court erred in denying the motion for mistrial based on prosecutorial misconduct, we reverse Elvis Washington’s conviction of distribution of cocaine with intent to distribute and remand for a new trial. State v. Bates, 508 So.2d 1346 (La.1987). Rules of Professional Conduct, Rule 3.5(b); ABA Standards Relating to the Prosecution Function, Standard 5.4(a), Relations with jury; State v. Passman, 345 So.2d 874 (La.1977).
PROSECUTORIAL MISCONDUCT
In the courtroom with the jury venire present before voir dire began on the morning the trial was scheduled, August 3, 1992, were the Webster Parish District Attorney, the Clerk of Court, the court reporter, and the Sheriff. They were later joined by the assistant district attorney who tried Washington’s case. Not present were Washington, his counsel, and the trial judge. The remarks then made to the jury venire by the clerk of court and the district attorney, which were transcribed by the court reporter, are the basis for Washington’s motion for a mistrial, which was filed August 4, 1992, after the jury was sworn.
We edit, emphasize, and reproduce the pertinent remarks:
[THE CLERK OF COURT]: Good morning. I’m ... the Parish Clerk of Court, and we appreciate your coming to jury service. I do not have any idea how many cases the DA has scheduled. Quite often when he summons a group like this, it puts pressure on individuals and they will plead guilty or plead to a lesser offense. And we send you home, without having to serve_ This is the District Attorney ... And he will have some words to say to you....
[THE DISTRICT ATTORNEY]: ... Here comes ... my assistant. We’re glad to have you — I know y’all would be doing something else, and you wouldn’t be up here normally, and I hope you find it a rewarding experience. You’ll probably hear lawyers talk a lot more this week than you want to, but that’s the nature of the bea[s]t. We’re glad to have you, and we do appreciate you. You’re the backbone of our system, and you make it work, and that’s the truth. And like I say, I hope it’s not too much of an inconvenience, and if you do feel you have genuine hardships, then you should talk to the judge about that, and we appreciate it.
Defense counsel argued to the trial court that any remarks by the DA to the jury venire were improper because they gave the DA an undue advantage:
The remarks made by [the DA], ... although they were made inside the courtroom, were made outside the presence of Your Honor, outside of my presence. I *843 was not in the courtroom when this was taking place. He had an opportunity to address the jury venire before the defense, before the Court even had an opportunity to address the jury venire, and cannot be compared to any remarks that would be made in jury selection or opening statement.
In denying the motion for mistrial, the trial court reasoned:
The comments in and of themselves, particularly those made by the district attorney were pretty much plain vanilla comments. The point’s not the [content] of the statements, but the fact that the statements were made outside the presence of the court and outside the presence of other counsel. That being said, I feel like this is very close to a mistrial type situation, but I do not feel that these comments in and of themselves have prejudiced or poisoned this venire in any way against the defendant. I’m going to deny the motion for a mistrial, and note of course that [defense counsel] assigns error ...
DISCUSSION
Washington contends that the DA’s ex parte communications with the prospective jurors were improper because they appeared to seek to curry favor with the potential jurors. He argues that the DA was practically conducting voir dire without the judge or defense attorney present. He also contends that the comments made by the clerk of court were improper because they implied that all or many of the defendants set for trial before a jury panel chosen from that venire must be guilty.
In the general sense a trial court is recognized as having wide discretion in controlling the conduct and orderly process of trial. Absent an abuse of discretion, a trial court’s rulings in this area will not be disturbed by the appellate court. Notwithstanding this general pronouncement, the ABA Standards Relating to the Prosecution Function and the Rules of Professional Conduct are to be applied. Passman, supra.
Rule 3.5(b) of the Rules of Professional Conduct generally states that a lawyer shall not communicate ex parte with a prospective juror. Prosecution Standard 5.4(a), Relations with jury, specifically states:
It is unprofessional conduct for the prosecutor to communicate privately with persons summoned for jury duty or impaneled as jurors concerning the case prior to or during trial. The prosecutor should avoid the reality or appearance of any such improper communications.
Where a district attorney mailed a questionnaire to each of 100 veniremen, to be completed and returned to him, before trial, for his exclusive use in jury selection, defendant’s forcible rape conviction was reversed. Bates, supra. In Bates’s direct appeal, this court had affirmed, finding, as did the trial court in this appeal, “no prejudice to defendant.” See State v. Bates, 501 So.2d 950, 953 (La.App. 2d Cir.1987). Our supreme court found this court’s view to be “squarely at odds with that of the federal courts and [other authorities],” explaining:
[U]mlateral ex parte juror contacts can only result in a skewing of the otherwise impartial administration of justice.
508 So.2d at 1350.
The Clerk’s remarks [that the “many cases the DA has scheduled ... puts pressure on individuals [to] plead guilty ... ”], coupled with the DA’s immediately following remarks ["You’ll probably hear lawyers talk a lot more this week than you want to, but that’s the nature of the bea[s]t ... You’re the backbone of our system, and you make it work ... [I]f you do ... have ... hardships, ... talk to the judge ... ”], serve as additions to the illustrations given in Bates why ex parte communications to jurors by either prosecution or defense counsel have been forbidden. 508 So.2d at p. 1349.
Ex parte comments to prospective jurors more egregiously “trench upon the broad ground of fair trial,” when, as here, they are personal and direct [“we”] comments made in a courtroom setting to a jury venire by one public official in the presence of other public officials. See Bates, at p. 1350. We find that the quoted comments are clearly forbidden by Rule 3.5(b) of the Rules of Professional Conduct and Standard 5.4(a) of the ABA *844 Standard Relating to the Prosecution Function.
DECREE
Defendant’s conviction and sentence are REVERSED and VACATED and the case is REMANDED for a new trial.