SEXTON, Judge Pro Tern.
| defendant, Atari Woods, was found guilty as charged on one count each of possession of a firearm by a convicted felon, possession of a Schedule I controlled dangerous substance (marijuana) with the intent to distribute and possession of a firearm while in possession of a controlled dangerous substance. He was sentenced to 15 years’ imprisonment at hard labor without benefit of probation, parole or suspension of sentence for possession of a firearm by a convicted felon; and to five years’ imprisonment at hard labor for both the possession of marijuana and the possession of a firearm charges while possessing marijuana. The sentences were ordered to run concurrently. Defendant now appeals. For the reasons stated herein, the convictions and sentences of Defendant are reversed.

FACTS

On May 26, 2010, Defendant was arrested and charged with one count each of the following offenses:
(1) illegal possession of a stolen firearm, in violation of La. R.S. 14:69.1;
(2) possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1;
(3) possession of a Schedule I controlled dangerous substance (marijuana) with the intent to distribute, in violation of La. R.S. 40:966(A)(1); and
(4) possession of a firearm while also in possession of a Schedule I controlled dangerous substance, in violation of La. R.S. 14:95(E).
This case was slated for the petit jury term for March 14, 2011. Jury selection began on March 16, 2011, with Ron C. Stamps and Britney Green, assistant district attorneys, appearing for the state and Charles Kammer, appointed counsel, appearing for Defendant. Twelve jurors and one alternate juror were selected during voir dire. The trial itself began on March 17, 2011.
LThe issues pertinent to this appeal were raised to the trial court the morning of March 17, the morning following voir dire, and before testimony began. Among other issues taken up and addressed by the court that morning, Defense counsel moved to quash the jury and for a mistrial based on his discovery that the assistant district attorneys and public defender from the previous jury trial had engaged in ex parte communication with the prospective jurors for Defendant’s trial.
By way of background, the DeSoto Parish district court utilizes juror recycling, which allows jurors to serve on more than one jury during a given term. First, Mr. Kammer objected to the parish’s policy of recycling jurors after they have been excused for cause or by peremptory challenge. He argued that the practice resulted in an unfair advantage to the state, which has the opportunity to gather additional information from the recycled jurors during each subsequent voir dire in the term. He argued that the recycling of jurors previously questioned or chosen for jury service in that term is unfair and deprived his client of his right to a fair trial.
Second, Mr. Kammer objected to the prosecution’s ex parte communication with the jurors that served on the jury in State v. Brown, Docket No. 10-20953, the trial that concluded the day before selection of *1131 the jury in this case. Mr. Kammer informed the judge that, the previous night, after he left the courthouse on the completion of voir dire, he had spoken to the public defender in the Brown trial. He explained to the judge that, because of the juror recycling policy, the Brown jurors were still prospective jurors for the next trial, which was Defendant’s case. The Ispublic defender in Brown advised Mr. Kammer that, at the end of the Brown trial, the trial judge had authorized her and the assistant district attorneys to speak with the Brown jurors. From the record, we glean that the ex parte discussions that ensued were outside of the courtroom (possibly on the benches in the hallway) and without the judge or court officials present. The record does not indicate the substance of those ex parte discussions or which of the Brown jurors agreed to speak with the assistant district attorneys and/or the public defender.
In his motion, Mr. Kammer argued that the assistant district attorneys’ discussions with the Brown jurors constituted an ex parte communication with prospective jurors, which is prohibited and presumptively prejudicial, based on the state supreme court’s ruling in State v. Bates, 508 So.2d 1346 (La.1987) (per curiam), and this court’s decision in State v. Washington, 626 So.2d 841 (La.App. 2d Cir.1993). Mr. Kammer added that, because he was not the public defender in Brown, he did not enjoy the advantage that the state had in speaking with those jurors. As stated, Mr. Kammer made an oral motion to quash the jury and declare a mistrial, based on two grounds found in La. C. Cr. P. art. 775 — (1) that there was a legal defect that would render any judgment reversible as a matter of law; and (2) that there was prejudicial conduct that made it impossible for Defendant to obtain a fair trial.
In response, the state admitted that pretrial contact with prospective jurors was inappropriate because they were still in the venire, but disputed that Bates was applicable. Mr. Stamps argued that, once the jury reached a |4verdict, those persons were no longer jurors and so the parties should be free to speak with them about that case.
Mr. Stamps argued that Bates, in which the district attorney sent pretrial questionnaires to prospective jurors, was distinguishable from the circumstances here, where the prosecutors had a conversation with jurors after a trial concluded and before the voir dire in the next case began. Mr. Stamps refuted Mr. Kammer’s argument of a prosecutorial advantage, pointing out that Mr. Kammer could have asked the public defender in Brown what she learned from the Brown jurors and that Mr. Kammer would have the opportunity to ask questions about prior jury service during voir dire. Mr. Stamps defended the juror recycling practice as acceptable, noting that Orleans Parish, East Baton Rouge Parish and Caddo Parish eourts all recycle jurors.
The judge noted for the record that Defendant was present in the courtroom during the jury selection and trial in the Brown case and ordered that the transcript for the Brown voir dire be made part of this record. The judge further stated that he was not aware of any law prohibiting the recycling of jurors and that it was a common practice in this state. He then denied the motion for mistrial, finding that juror recycling does not negate a defendant’s opportunity to receive a fair trial, nor does it make the verdict reversible as a matter of law.
Specifically regarding the motion for mistrial based on the prosecution’s pretrial contact with the Brown jurors, the judge found that the prosecution did have pre *1132 trial communications with the Brown jurors, but | Bhe believed that, because both parties had the opportunity to speak with the Brown jurors and question prospective jurors during the voir dire in Defendant’s case, there was no legal defect that made it impossible for Defendant to receive a fair trial.
Defendant now appeals. Appellate counsel or Defendant has assigned one error and Defendant, pro se, has submitted numerous filings and arguments to this court. Finding merit in the assignment of error urged by appellate counsel for Defendant, which requires reversal of Defendant’s convictions and sentences, our discussion addresses this issue and all remaining issues presented by Defendant are pretermitted.

DISCUSSION

Assignment of Error: The system of jury selection in DeSoto Parish affords an unfair opportunity for pretrial contact, by the state, with members of the jury venire.
First, Defendant challenges, generally, the practice of juror recycling, which allows a juror’s name to remain in the jury venire throughout the two-week term, regardless of whether that juror serves on a jury or is excused. In practice, this policy means that, once called for jury duty, a person remains a prospective juror for the term and may be called to serve on multiple juries within the same two-week term. Defendant argues that the practice of recycling jurors grants the state an advantage by creating the opportunity to question and profile prospective jurors in a prior panel voir dire, outside the presence of the future defendants with cases in that term. According to Defendant, a fair trial requires that jurors must be released for the term once they have served on a jury or been dismissed in voir dire.
| BIt is a regular practice to have jurors sit on more than one jury during the same term; therefore, there was no error by the trial court in allowing the names of the Brown jurors to be retained in the jury pool for the next case. It is well settled that a juror’s prior jury service is insufficient grounds to excuse that juror for cause or to warrant a motion to quash the jury venire. State v. Lee, 637 So.2d 102 (La.1994).
Next, Defendant argues that the law and standards of professional conduct are violated when there is ex paHe communication with a juror who already served on a jury that term because that same juror remains in the jury venire and, therefore, is always a prospective juror. Specifically, Defendant maintains that the trial judge erred in denying a mistrial in his case because the assistant district attorneys’ discussions with the Brown jurors constituted prohibited ex paHe communications with prospective jurors. Citing Bates, supra, Defendant argues that such communication has been found to be presumptively prejudicial and deprives a defendant of the possibility of a fair trial.
In the instant case, the judge authorized the assistant district attorneys and the public defender in the Brown trial to speak with the Brown jurors after the trial. The Brown jurors were not required to speak to counsel, but could if they so desired. The communication took place in the courthouse following the verdict in Brown, although the record does not indicate which jurors participated in the discussion or the substance thereof.
During voir dire, prospective jurors were questioned in 3 panels of 12, with 2 alternates. The 3 panels of jurors included 4 jurors who had|7served on the Brown jury. Mr. Kammer questioned 2 of those jurors regarding their service on the Brown jury and the verdict reached therein. Mr. Kammer peremptorily challenged *1133 3 of the 4 Broim jurors and accepted 1 of them. Mr. Kammer did not exercise all of his peremptory challenges. Recall that the record does not indicate which of the Brown jurors talked with the assistant district attorneys from Brown, so it is not possible to know from this record whether or not the Brown juror who was seated on Defendant’s jury had, in fact, been one of the Brown jurors who was a party to the ex parte communications with the assistant district attorneys. Moreover, it is clear from a review of the voir dire in this case that Mr. Kammer was unaware of the ex parte communications during his questioning of the Brown jurors because he did not ask any of them about contact they may have had with the assistant district attorneys following the verdict in Brown.
In Bates, supra, the supreme court reversed a decision of this court and vacated a conviction because the district attorney sent a letter and questionnaire before trial to all 100 of the jury veniremen for his exclusive use. The supreme court noted that ex parte communication with jurors after a trial has begun is presumptively prejudicial. While obviously critical, the supreme court did not expressly hold that all pretrial ex parte communication is subject to that same presumption. Id. In the wake of the reversal in Bates, however, this court seemingly interpreted and applied Bates as a bright line rule in State v. Washington, supra. In Washington, the district attorney made pretrial remarks to the jury venire seated in the |Rcourtroom, outside the presence of the defendant, defense counsel and the trial judge. On appeal, a panel of this court noted the trial court’s discretion in ruling in such matters, yet held that the Model Rules of Professional Conduct and the standards relating to the prosecutorial function still apply, meaning that ex parte communications with jurors by either party are forbidden and impair the possibility of a fair trial. Id.
Shortly before the decision in Washington, supra, the first circuit distinguished Bates, supra, in State v. Probst, 623 So.2d 79 (La.App. 1st Cir.1993), writ denied 629 So.2d 1167 (La.1993). In Probst, the district attorney addressed the jury venire ex parte prior to trial, informing them that they were dismissed for the day and would return in two days to “determine the guilt of the accused.” The trial court denied the defendant’s motion to dismiss the veni-re or, alternatively, for individual voir dire. The first circuit affirmed that ruling because “voir dire examination was available to defense counsel as a means to explore the potential impact of the District Attorney’s ex parte remarks on the prospective jurors.” State v. Probst, supra. While recognizing that the district attorney violated ethical standards by engaging in the ex parte communication, the court announced the legal issue to be whether or not the jury venire was tainted by the remarks. The first circuit further held that, even if the ex parte communication resulted in presumptive prejudice to the defendant, the jurors’ answers in voir dire overcame that presumption. Id.
In summary, it is not clear following Bates and its progeny whether actual prejudice must be shown in situations where there is pretrial ex parte 1 ¡¡communications with potential jurors, especially in the setting of juror recycling. In the case sub judice, however, we do not reach the question of the applicability and/or interpretation of Bates and its progeny because, here, prejudice must be assumed for several reasons. First, the record does not indicate which of the Brown jurors had a discussion with the assistant district attorneys, nor does the record reflect the substance of those communications. Second, Mr. Kammer was not made aware of the ex parte communications until after voir dire was completed in this case. He was not, therefore, af *1134 forded the opportunity to question the former Brown jurors about any possible taint from the communications with the assistant district attorneys. Third, while Mr. Kammer did exercise three peremptory challenges to excuse three of the four Brown jurors, one of them was seated on the instant jury. We do not know whether the juror engaged in the ex parte communication and, if so, whether such communications prejudicially affected his service on the jury in the present case. Under these particular facts, we are constrained to assume prejudice and reverse the convictions and sentences and remand for a new trial.

DECREE

For the foregoing reasons, the convictions and sentences of Atari Woods are reversed and the matter is remanded for a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.
APPLICATION FOR REHEARING
Before STEWART, GASKINS, CARAWAY, LOLLEY & SEXTON (Pro Tempore), JJ.
Rehearing denied.